UNITED STATES v. JACOBS.
No. 52 CR 551.

United States District Court,
N. D. Illinois.
July 10, 1953.

Irving S. Abrams, Chicago, Ill., for defendant.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for United States.

HOFFMAN, District Judge.

The defendant has moved to dismiss the indictment against him in this case, which is predicated on an alleged violation of Section 215, Title 18 United States Code. The grounds asserted by the defendant in support of his motion are that the statute upon which his indictment is based is unconstitutional as being violative of the Fifth and Tenth Amendments of the Constitution of the United States; and, further, that the offense charged in the indictment is not one which is cognizable within the provisions of the said statute.

The statute upon which the indictment is based reads as follows:

"Whoever solicits or receives, * * * for personal emolument, any money or thing of value, in consideration of the promise of support or use of influence in obtaining for any person any appointive office or place under the United States, shall

be fined not more than $1,000 or imprisoned not more than one year, or both. * * *"

■ It is true that criminal statutes are to be strictly construed but not so strictly as to limit their evident intent. U. S. v. Hartwell, 6 Wall. 385, 73 U.S. 385, 18 L.Ed. 830; Ash Sheep Co. v. U. S., 252 U.S. 159, 40 S.Ct. 241, 64 L. Ed. 507. In the case of U. S. v. Hood, 343 U.S. 148, at page 151, 72 S.Ct. 568, at page 570, 96 L.Ed. 846, which was one involving this statute, the court said:

"* * * But this does not mean that such legislation 'must be construed by some artificial and conventional rule'. * * * We should not read such laws so as to put in what is not readily found there. But equally we should not read out what as a matter of ordinary English speech is in."

■ From a reading of the defendant's brief, he would have the Court construe the Act which would so limit its scope as to provide only for the original induction of persons into the Federal service, by improper influence, and not to the promotion of persons already in the employ of the Government. Congress, it appears from the wording of this statute, was attempting to outlaw all improper tampering with Government employment. The vicious effect would be the same whether the person involved was already in the service or was being brought in.

■ Black's Law Dictionary, at page 128, defines the word "appoint" as meaning "to designate, ordain, prescribe, nominate." Certainly the word "appointive" is comprehensive enough to encompass "promotion". The position involved in this indictment was that of Foreman in the United States Post Office at Chicago, Illinois. When a choice of one of three candidates to the position of foreman is made, it is just as necessary for Government efficiency that absolute honesty prevail in that choice as when an original selection is made from a wider field of applicants. There is still the ele-

ment of selectivity which makes the choice a designation or an "appointment".

It is clear from the wording of the Act that Congress intended that it be comprehensive in scope. An examination of the language so indicates. For example, the words *"whoever"* solicits; *"any* money or thing of value"; to use influence in obtaining for *"any* person"; *"any* appointive" position, are used.

The defendant argues that Congress is without power to legislate on the subject involved because the statute makes penal the acts of one outside of the Government service, which is a state police matter. In the opinion of the Court, it is of prime importance to the United States Government that its personnel be entirely free of improper influences, and there is no doubt that this statute is clearly within the legislative powers of Congress.

An order will be entered denying the motion of the defendant to dismiss the indictment.